Thomas G. Waller, AKB #0109052
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076
tgwaller@bmjlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NORTHLAND SERVICES, INC., a Washington corporation,

Plaintiff,

v.

SOUTHEAST EARTHMOVERS, INC., an Alaska corporation, and JON MCGRAW, an individual,

Defendants.

NO. 3:13-cv-00173-TMB

PLAINTIFF NORTHLAND SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This is a straightforward collection matter for non-payment on a promissory note. Defendants Southeast Earthmovers, Inc. (SEI) and Jon McGraw (principal of SEI) have failed to make any payments owed to plaintiff Northland Services, Inc. (Northland), the holder of the note. Northland now seeks summary judgment against defendants, jointly and severally, for the principal sum of the note, accrued interest, and collection costs and attorneys' fees allowed under the note. For the reasons detailed below, summary judgment should be granted.

## FACTS

On June 18, 2013, Northland, a Washington company, agreed to settle outstanding business debts owed by SEI, an Alaska company, to Northland, in exchange for SEI and McGraw, an Alaska citizen, agreeing to a sign a promissory note for the principal sum of

ATTORNEYS AT LAW
BAUER
MOYNIHAN
& JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

$150,000. *Dkt. 1-1*; *Declaration of Bill Northey*; *Declaration of Thomas Waller, Ex. 1, Defendants' Responses to Plaintiff's Discovery*, p. 7-10 ("Statement of John McGraw"). Mr. Northey, Northland's Senior Vice President, personally witnessed McGraw sign the note on behalf of himself (McGraw) and SEI. *Northey Decl*.

The note called for payments to be made in increments of $12,000 per month on the 20th day of each month between June 30, 2013 and April 20, 2014, plus an interest rate of 18% per annum. *Dkt. 1-1*, p. 1. The one exception was the first payment, which was to be $30,000 and was to be made on June 30, 2013. *Id.*

Under the note, "time is of the essence" with regard to the payments due. *Id*. at p. 2. Default under the note occurs if defendants fail to make any of the payments set forth in the payment schedule. *Id.* Upon default, Northland can elect to declare the entire amount owed due and payable. *Id.* Legal fees and costs of collection incurred in obtaining payments owed under the note are recoverable per the note's terms. *Id*. Payments recovered are to be applied first to the costs of collection and legal fees, second to the payment of accrued interest, and third to the payment of the principal owed. *Id*. at p. 1. Defendants agreed the note is to be governed by the laws of the State of Washington. *Id*. at p. 2.

Defendants made no payments. *Northey Decl*.; *Waller Decl*., *Ex. 1, Defendants' Responses to First Discovery Requests*, p. 3-4 (Response to Interrogatory No. 3); *Ex. 2, Defendants' Initial Disclosures*, p. 4 (Transactions Detail). [1] Northland filed suit on September 5, 2013. *Dkt. 1*, *Complaint*. Defendants answered on October 25, 2013. In their *Answer*, defendants admitted they executed and delivered the note to Northland for valuable consideration, that McGraw signed the note on his own behalf and that of SEI, and that the note contained a specific payment schedule by which defendants were to

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

---

[1] "Payments" appearing on the Transactions Detail occurred well prior to June 18, 2013, the date the promissory note was executed.

abide. *Dkt. 5, Answer*, ¶ 2. Nonetheless, despite not making any payments under the note to Northland, defendants denied they were in default under the note. *Id.*, ¶ 3.

Defendants also asserted three affirmative defenses: (1) "verbal modification of contract," (2) "partial payment;" and (3) "usury." *Dkt. 5*, p. 1 ("Affirmative Defenses"). Because there is no evidence defendants made any "partial payment," and because their affirmative defenses of "verbal modification of contract" and "usury" fail as a matter of law, summary judgment should be granted to Northland. [2]

## ANALYSIS AND ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The underlying facts are viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the moving party has met its initial burden of showing the absence of any issue of material fact, the burden shifts to the nonmoving party to establish the existence of an issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

### B. WASHINGTON LAW APPLIES TO THE NOTE

This is a diversity case. *Dkt. 1*, ¶ 4. "In diversity cases, the district court normally applies the substantive law of the forum state, including its choice of law rules." *Nelson v.*

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

[2] There is also suggestion in defendants' Initial Disclosures and discovery responses that defendants seek to offset the money they owe with allegations that Northland owes defendants certain sums for trailer storage. *Waller Decl.*, *Ex. 1*, p. 7-10 ("Statement of John McGraw"); *Ex. 2*, p 3 (July 15, 2013 Invoice). No counterclaim for such amounts was made by defendants, and the complete lack of any such allegation in the *Answer* would obviously fall well short of the pleading requirements of Fed.R.Civ.P. 8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Dkt. 5*, *Answer*. In short, any counterclaim for trailer storage has not been alleged by defendants and cannot affect summary judgment.

*Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (citation omitted). Alaska courts will enforce a choice of law provision unless

> (1) the chosen state has no substantial relationship with the transaction or there is no other reasonable basis for the parties' choice, or (2) the application of the law of the chosen state would be contrary to a fundamental public policy of a state that has a materially greater interest in the issue and would otherwise provide the governing law.

*Peterson v. Ek*, 93 P.3d 458, 464 n. 11 (Alaska 2004) (*citing* Restatement (Second) of Conflict of Laws § 187 (1971) and enforcing Washington choice of law provision).

Here, the note calls for the application of Washington law. *Dkt. 1-1*, p. 2. The note was entered into between a Washington company (Northland) and an Alaska company (SEI) and citizen (McGraw) for the resolution of debts owed by the latter two to a Washington company (Northland). Accordingly, (1) the chosen state, Washington, has a substantial relationship to the transaction and (2) both states have an equally valid interest in resolving the issues—a contract/collection dispute between citizens of both states. Neither state has a "materially greater interest" in resolving the issues presented. *Peterson*, 93 P.3d at 464 n. 11. Regardless, there is no policy at stake here which would be contrary to the "fundamental public policy" of Alaska. *Id.* Accordingly, the choice of law provision in the note should be enforced. Washington law should apply to the note's interpretation.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

**C. THE NOTE'S PLAIN LANGUAGE GOVERNS**

Washington courts apply the "objective manifestation theory" of contracts. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262, 267 (2005). "Under this approach, [courts] determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *Id*. (citation omitted). "Thus, when interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words

used." *Id*. at 503-504 (citations omitted). Washington courts "give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Id*. at 504 (citation omitted). Washington courts "do not interpret what was intended to be written but what was written." *Id*. (citations omitted); *see also* Subsection D, *infra*. [3]

The plain language of the agreement is that Northland extended defendants credit in the amount of $150,000. *Dkt. 1-1*, p. 1. Defendants, jointly and severally were to make payments according to the payment plan set forth in the note. *Id*. at p. 1. Defendants having failed to make any such payments are in default under the note. *Id*. at p. 2. As defendants are in default under the note, Northland is entitled to collect the full principal amount of the note, interest, costs and attorneys' fees. *Id*. Summary judgment should be granted.

**D. THE NOTE CANNOT BE VERBALLY MODIFIED**

Defendants' first affirmative defense, "verbal modification of contract" fails as a matter of law. Under Washington law,

> A credit agreement is not enforceable against the creditor unless the agreement is in writing and signed by the creditor. The rights and obligations of the parties to a credit agreement shall be determined solely from the written agreement, and any prior or contemporaneous oral agreements between the parties are superseded by, merged into, and may not vary the credit agreement. Partial performance of a credit agreement does not remove the agreement from the operation of this section.

RCW § 19.36.110. "Credit agreement" means

> …an agreement, promise, or commitment to lend money, to otherwise extend credit, to forbear with respect to the repayment of any debt or the exercise of any remedy, to modify or amend the terms under which the creditor has lent money or otherwise extended credit, to release any

---

[3] Alaska law is similar: "We depart from the plain language of the contract only if the contract language is ambiguous." *Williams v. Crawford*, 982 P.2d 250, 253 (Alaska 1999) (footnote omitted).

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

> guarantor or cosigner, or to make any other financial accommodation pertaining to a debt or other extension of credit.

RCW § 19.36.100. Moreover, RCW § 19.36.140 requires that terms substantially similar to the following be placed in conspicuous language on all such credit agreements: "Oral agreements or oral commitments to loan money, extend credit, or to forbear from enforcing repayment of a debt are not enforceable under Washington law." [4] This language is clearly spelled out in capital letters and boldface just above the defendants' signature blocks in the note. *Dkt. 1-1*, p. 2.

Northland could not (and did not) agree verbally to forebear the enforcement of the note under Washington law. *Northey Decl*. Nevertheless, any claim by defendants to the contrary is moot, as any agreement "to modify or amend the terms under which the creditor has lent money or otherwise extended credit" (RCW § 19.36.100) must be in writing and signed by the creditor, i.e. Northland (RCW § 19.36.110). The terms of any credit agreement, including the note at issue, are to be determined "solely from the written agreement, and any prior or contemporaneous oral agreements between the parties are superseded by, merged into, and may not vary the credit agreement." RCW § 19.36.110. "Oral agreements or oral commitments to loan money, extend credit, or to forbear from enforcing repayment of a debt are not enforceable under Washington law." RCW § 19.36.140. Accordingly, defendants' "verbal modification of contract" defense fails as a matter of law. *See, e.g.*, *Cowlitz Bank v. Leonard*, 162 Wn.App. 250, 254 P.3d 194 *published with modifications at* 161 Wash. App. 1007 (2011) (applying RCW §§ 19.36.110 and 19.36.140 and affirming summary judgment over defendant's assertions of oral agreements to forebear repayment of a loan).

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

---

[4] Alaska law is similar and requires agreements to lend or extend credit of more than $50,000 to be in writing. AS § 09.25.010(a)(13).

**E. THERE IS NO EVIDENCE OF ANY PARTIAL PAYMENT**

Defendants would no doubt be entitled to a credit against Northland's damages if defendants had made any payments on the note. Any payments would be credited first against Northland costs and legal fees in enforcing the note, then against accrued interest, then against the principal amount owed. *Dkt. 1-1*, p. 1. However, there is no evidence that defendants ever made any payments on the note, and Northland expressly denies that any such payments were ever received. *Northey Decl*.; *Waller Decl*., *Ex. 1*, p. 4; *Ex. 2*, p. 4. Accordingly, this defense also fails as a matter of law.

**F. DEFENDANTS' USURY DEFENSE FAILS**

Defendants also allege "usury" as their third and final affirmative defense. However, because Northland extended defendants money for the purposes of a commercial/business transaction, Washington's usury statute, RCW § 19.52.005, *et seq*., is not applicable.

Under Washington law, "[p]rofit and nonprofit corporations… may not plead the defense of usury… and [natural] persons may not plead the defense… if the transaction was primarily for agricultural, commercial, investment, or business purposes[.]" RCW § 19.52.080; *Paulman v. Filtercorp*, 127 Wn.2d 387, 389, 899 P.2d 1259 (1995) (note charging 5% per month interest (60% per annum) held not usurious under statute). [5]

Here, monies extended to SEI/McGraw necessarily are for commercial and business purposes as the note was presented and accepted by SEI/McGraw to settle outstanding obligations owed by SEI to Northland. *Northey Decl*.; *Waller Decl*., *Ex. 2*, p. 7-10 ("McGraw Statement"). SEI is excluded from pleading the defense of usury outright, because it is a corporation (RCW § 19.52.080), and McGraw is precluded from

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

---

[5] Alaska's usury statute is also narrowly circumscribed and does not apply to any "contract or loan commitment in which the principal amount exceeds $25,000[.]" AS § 45.45.010; *Rockstad v. Erikson*, 113 P.3d 1215, 1221 (Alaska 2005) (loan of $26,000 at 20% interest held not to be usurious under statute).

pleading the defense, because the transaction was for business and commercial purposes (*id*.). Therefore, the usury defense is not available to defendants as a matter of law. Summary judgment should be granted.

**G. NORTHLAND'S DAMAGES**

Northland is owed the following as a result of defendants' default:

1. The principal amount of $150,000;
2. Interest in the amount of $17,143.41;
3. Attorneys' fees in the amount of $5,019.50;
4. Costs in the amount of $468.90;

*See Northey Decl., Ex. 1, Interest Accounting*; *Waller Decl*. Northland therefore respectfully requests summary judgment be entered against defendants and Northland be awarded $**172,631.81** against them, jointly and severally. Northland will revise this amount upwards should it be required to incur additional legal costs preparing a *Reply*.

**CONCLUSION**

For the reasons stated, summary judgment should be granted in favor of Northland. Northland should be awarded $172,631.81, jointly and severally, against defendants.

Dated this Tuesday, January 28, 2014.

BAUER MOYNIHAN & JOHNSON LLP

s/Thomas G. Waller
Thomas G. Waller, AKB #0109052
2101 4TH Avenue, Ste. 2400
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076
tgwaller@bmjlaw.com
Attorneys for Plaintiff Northland Services, Inc.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

CERTIFICATE OF SERVICE

I declare under penalty of perjury of the laws of the state of Alaska that on January 28, 2014 I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Brian E. Hanson<br>Brian E. Hanson, LLC<br>713-B Sawmill Creek Road<br>Sitka, Alaska 99835<br>Tel: 907-747-3257 | [ ] U.S. Mail First Class<br>[ ] E-Mail<br>[ ] Facsimile<br>[ ] By Hand |

BAUER MOYNIHAN & JOHNSON LLP

/s/Meliha Jusupovic

By: Meliha Jusupovic
mjusupovic@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076