IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHLAND SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHEAST EARTHMOVERS, INC. & JON McGRAW, <br><br> Defendants. | **ORDER ON MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 3:13-cv-00173-TMB |

### I. INTRODUCTION

This is an action by Plaintiff Northland Services, Inc. ("Plaintiff") against Defendants Jon McGraw and Southeast Earthmovers, Inc. ("Defendants") for money damages.[1] Plaintiff has filed a motion for summary judgment and the parties have submitted subsequent briefs.[2] For the reasons discussed below, the Court **GRANTS** Plaintiff's motion at **Docket 11** and awards Plaintiff $178,957.55 against Defendants.

### II. BACKGROUND

Plaintiff filed a complaint against Defendants for money damages on September 5, 2013 alleging breach of contract relating to a promissory note signed by the parties on June 18, 2013.[3]

---

[1] Dkt. 1.

[2] Dkts. 11, 27, 29.

[3] Dkt. 1.

Page **1** of **4**

Case 3:13-cv-00173-TMB   Document 33   Filed 08/13/14   Page 1 of 4

Defendants filed an answer on October 25, 2013 asserting three affirmative defenses: verbal modification of contract, partial payment, and usury.[4]

Plaintiff filed a motion for summary judgment on January 28, 2014 seeking judgment against Defendants for costs associated with the default on the note.[5] Three days later, Defendants filed a motion to amend their original answer to assert five new counterclaims, including fraud.[6] Plaintiff filed a response opposing Defendants' motion to amend on February 13, 2014.[7]

Defendants filed an opposition to Plaintiff's motion for summary judgment on March 10, 2014,[8] and Plaintiff filed a reply on March 18, 2014.[9] Defendants' opposition relied entirely on the fraud counterclaim Defendants hoped would be included in their amended answer.[10] On April 23, 2014, the Court denied Defendants' motion to amend.[11]

---

[4] Dkt. 5.

[5] Dkt. 11. Plaintiff asks for an award of $178,957.55, jointly and severally, against Defendants for the principal, interest, attorney's fees, and other costs relating to the default of the note. *See* Dkt. 29 at 19.

[6] Dkt. 14.

[7] Dkt. 18.

[8] Dkt. 27.

[9] Dkt. 29.

[10] *See* Dkt. 27 at 4-5.

[11] Dkt. 32 ("[T]he court finds that Defendant McGraw was not 'justified' in relying on any statements allegedly made by Plaintiff regarding future changes to the note. Permitting Defendants to amend their answer to include a counterclaim for fraud would therefore be futile.").

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A court must construe facts "in the light most favorable to the party opposing the motion."[13]

### IV. DISCUSSION

On April 23, 2014, the Court denied Defendants' motion to amend their original answer because Defendants' proposed amendments were futile as a matter of law.[14] Therefore, the Court does not consider Defendants' amended answer in determining whether a dispute remains regarding a material fact.

In their opposition to Plaintiff's motion for summary judgment, Defendants rely solely on their claim that the promissory note dated June 18, 2013 is void because it is the product of fraud, which they contend raises an issue of material fact.[15] However, this allegation of fraud was not included in Defendants' original answer filed with the Court on October 25, 2013.[16] Consequently, each of Defendants' arguments depended on the Court granting their motion to

---

[12] FED. R. CIV. P. 56(a).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[14] Dkt. 32.

[15] Dkt. 27 at 4-5 ("Defendants have provided specific facts that support their counterclaim for 'Fraud' and establish there are material questions of fact regarding the validity of the note.").

[16] Dkt. 5.

amend.[17]

The Court denied Defendants' motion to amend on April 23, 2014.[18]  Because the Court relied on the parties' summary judgment briefing in that order, there is no need for the Court to reexamine Defendants' motion to amend today.[19]  Consequently, because Defendants' own brief concedes that their defenses "would fail" if the Court denied Defendants' motion to amend, the Court **GRANTS** Plaintiff's motion for summary judgment.

## V. CONCLUSION

For the reasons discussed above, the Court therefore **GRANTS** Plaintiff's motion for summary judgment on all claims at **Docket 11**.  Plaintiff is awarded $178,957.55, jointly and severally, against Defendants.[20]

Dated at Anchorage, Alaska, this 13th day of August, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[17]  Defendants concede that they lose on summary judgment if their motion to amend is denied. *See* Dkt. 27 at 4 ("It is undisputed that Defendants' first affirmative defense of 'verbal modification of contract' would fail . . . if the note was valid.  However, the validity of the note is legitimately at issue, assuming the court grants leave to Defendants to amend their answer, which would bring into play the counterclaim for 'Fraud'."); *id.* at 5 ("It is undisputed that Defendants' second affirmative defense of 'partial payment' would fail . . . if the note was valid. . . .  However, the validity of the note is legitimately at issue, assuming the court grants leave to Defendants to amend their answer . . . ."); *id.* ("It is undisputed that Defendants' third affirmative defense of 'usury' would fail as a matter of law . . . if the note was valid.  However, the validity of the note is legitimately at issue, assuming the court grants leave to Defendants to amend their answer . . . .").  Plaintiff also supports this conclusion.  *See* Dkt. 29 at 5.

[18]  Dkt. 32 at 8-9.

[19]  *Id.* at 2.

[20]  *See* Dkts. 29 at 19;.30; 31; 31-1; 31-2; 1-1.

Case 3:13-cv-00173-TMB   Document 33   Filed 08/13/14   Page 4 of 4